IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

JOHN NETTLES,

    Plaintiff,

vs.

RONNIE OGDEN, individually and
in his official capacity,

    Defendant.

CIVIL ACTION NO.: CV206-128

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate presently incarcerated at the Federal Correctional Institution in Jesup, Georgia ("FCI Jesup"), has filed an action pursuant to 28 U.S.C. § 1331, Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971), the Federal Tort Claims Act, the Americans with Disabilities Act, and the Rehabilitation Act. A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §1915A. In determining compliance, the court shall be guided by the longstanding principle that pro se pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652, 654 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim

AO 72A
(Rev. 8/82)

upon which relief may granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. The Court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a pro se litigant can prove no set of facts that would entitle him to relief. Hughes v. Rowe, 449 U.S. 5, 10, 101 S. Ct. 173, 176, 66 L. Ed. 2d 163, 169-70 (1980); Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this court in applying the identical language of § 1915A.

Plaintiff contends that he was ordered to work on the roof of a building at FCI Jesup. Before going onto the roof, Plaintiff alleges that he told Ogden that he had a blood pressure condition and the medication made him dizzy and light headed. Plaintiff avers that Ogden nevertheless ordered Plaintiff to continue his work detail on the roof. Plaintiff further contends that he also told Ogden about the need for safety equipment while working on the roof. Ogden allegedly ordered Plaintiff onto the roof without any safety measures being taken. Plaintiff subsequently fell through the roof when it collapsed under him, resulting in physical injuries.

2

y

A plaintiff states a cognizable claim for relief under Bivens if his complaint alleges facts showing that his rights, as secured by the Constitution and the laws of the United States, were violated. A basic element of a Bivens claim is causation. See Hale v. Tallapoosa County, 50 F. 3d 1579, 1582 (11th Cir. 1995). The United States Supreme Court has held that a § 1983 claim "should be read against the background of tort liability that makes a man responsible for the natural consequences of his actions." Monroe v. Pape, 365 U.S. 167, 187, 81 S. Ct. 473, 484, 5 L. Ed. 2d 492 (1961), *overruled on other grounds by* Monell v. Department of Social Services of the City of New York, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). See Wilson v. Layne, 526 U.S. 603, 609, 119 S. Ct. 1692, 143 L. Ed. 2d 818 (1999) (holding Bivens actions analogous to suits brought against state officials under 42 U.S.C. § 1983). Thus, the Defendant's actions must be the proximate cause of the Plaintiff's harm. See Barts v. Joyner, 865 F. 2d 1187, 1195-96 (11th Cir. 1989).

Plaintiff's Complaint seems to point to the lack of safety measures as the cause of the accident, not his medical condition.[1] Plaintiff's Complaint alleges negligence, rather than an Eighth Amendment violation. An allegation that a defendant acted with mere negligence in causing Plaintiff's injury is not sufficient to support a Bivens claim. See Cannon v. Macon County, 1 F.3d 1558, 1563 (11th Cir. 1993) (discussing similar claims brought under 42 U.S.C. § 1983). Accordingly, Plaintiff has failed to state a claim under Bivens upon which relief can be granted.

---

[1] Plaintiff's Complaint reads as though there was a soft spot or hole in the roof, which he fell through, and that his "dizziness" had no bearing on whether he fell or not.

AO 72A
(Rev. 8/82)

A claim sounding in negligence is actionable under the Federal Tort Claims Act ("FTCA"). The FTCA allows the United States to be sued in the same manner as a private individual. 28 U.S.C.A. § 2674. However, Plaintiff does not name the United States as a Defendant in this cause of action and he can not bring a claim against Ogden pursuant to the FTCA.

Based on the foregoing, it is my recommendation that the Plaintiff's complaint be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 10th day of August, 2006.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

4

AO 72A
(Rev. 8/82)