# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

JOHN NETTLES,

 Plaintiff,

vs.          CIVIL ACTION NO.: CV206-128

THE UNITED STATES OF AMERICA,

 Defendant.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who was formerly incarcerated at the Federal Correctional Institution in Jesup, Georgia ("FCI Jesup"), filed a cause of action pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346 and 2671, *et seq.* Defendant filed a Motion to Dismiss to which Plaintiff responded. Defendant filed a Reply, and Plaintiff filed a Surreply. By Order dated June 26, 2007, the undersigned converted Defendant's Motion into a Motion for Summary Judgment, as Defendant attached supporting documentation to its Motion. The parties were directed to provide any desired additional documents within ten (10) days of that Order. Plaintiff filed a Motion for Extension of Time to file a response to this Court's Order; the undersigned granted Plaintiff's Motion. The Honorable Anthony A. Alaimo dismissed Plaintiff's cause of action, without prejudice, due to Plaintiff's seeming failure to inform the Court of his new address, in violation of a prior Order of the Court. Plaintiff filed a Motion to Amend or

Alter this judgment and informed the Court his correct address was that which the Court already had. Judge Alaimo granted Plaintiff's Motion, vacated his previous judgment dismissing Plaintiff's cause of action, and re-opened this case. Plaintiff filed a Motion for Extension of Time to respond to the Court's June 26, 2007, Order, which the undersigned granted. Plaintiff has filed no other documentation. Upon review, Defendant's Motion should be **GRANTED**.

## STATEMENT OF THE CASE

Plaintiff contends that he was ordered to work on the roof of a building at FCI Jesup. Before going onto the roof, Plaintiff alleges that he told Ronnie Ogden, an officer at FCI Jesup, that he had a blood pressure condition and the medication he took made him dizzy and light headed. Plaintiff avers that Ogden nevertheless ordered Plaintiff to continue his work detail on the roof. Plaintiff further contends that he also told Ogden about the need for safety equipment while working on the roof. Ogden allegedly ordered Plaintiff onto the roof without any safety measures being taken. Plaintiff subsequently fell through the roof when it collapsed under him, resulting in physical injuries. Plaintiff asserts Defendant is liable for the negligence of its employee, Ronnie Ogden.

Defendant asserts Plaintiff's claims do not fall within the purview of the FTCA, as Plaintiff's injury was work-related. Rather, Defendant alleges, Plaintiff is eligible to make an application for compensation under the Inmate Accident Compensation ("IAC") procedures. Defendant contends Plaintiff's Complaint should be dismissed because he fails to state a claim upon which relief can be granted and because he failed to exhaust his administrative remedies.

## STANDARD OF REVIEW

Summary judgment should be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); Midrash Sephardi, Inc. v. Town of Surfside, 366 F.3d 1214, 1223 (11th Cir. 2004). An issue of fact is "material" if it might affect the outcome of the case, and an issue of fact is "genuine" when it could cause a rational trier of fact to find in favor of the nonmoving party. Hickson Corp. v. Northern Crossarm Co., Inc., 357 F.3d 1256, 1259-60 (11th Cir. 2004). The court must determine "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Id. at 1260 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed.2d 202 (1986)).

The moving party bears the burden of establishing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Williamson Oil Co., Inc. v. Philip Morris USA, 346 F.3d 1287, 1298 (11th Cir. 2003). Specifically, the moving party must identify the portions of the record which establish that there are no genuine issues of material fact. Hickson, 357 F.3d at 1260 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed.2d 265 (1986)). When the nonmoving party would have the burden of proof at trial, the moving party may discharge its burden by showing that the record lacks evidence to support the nonmoving party's case or that the nonmoving party would be unable to prove his case at trial. Id. In determining whether a summary judgment motion should be granted, a

court must view the record and all reasonable inferences that can be drawn from the record in a light most favorable to the nonmoving party. Acevado v. First Nat'l Bank, 357 F. 3d 1244, 1247 (11th Cir. 2004).

## DISCUSSION AND CITATION TO AUTHORITY

Defendant contends the injuries Plaintiff received were the result of a work-related accident, and that FCI Jesup's Safety Committee formally determined Plaintiff's injuries to have been suffered while he was working. Defendant avers Plaintiff agreed with this determination. Defendant asserts Plaintiff was eligible to make an application for compensation under the IAC procedures, which provide the exclusive remedy for Plaintiff. Defendant asserts Plaintiff filed an administrative claim for recovery under the FTCA, which the Bureau of Prisons denied, because his claims for negligence actually are a claim for injuries he incurred while he worked for the Federal Prison Industries. Defendant contends Plaintiff has not exhausted his administrative remedies for making a claim under the IAC procedures, which should have been submitted no more than 45 days prior to his release from federal custody.

Plaintiff alleges his claims fall within the purview of the FTCA because the "wrongful act of a government employee breached the standard of care set out in 18 U.S.C. § 4042[1], and makes the United States liable for damages." (Doc. No. 29, p. 2).

---

[1] 18 U.S.C. § 4042 provides, in relevant part, that "[t]he Bureau of Prisons, under the direction of the Attorney General, shall--

(1) have charge of the management and regulation of all Federal penal and correctional institutions;

(2) provide suitable quarters and provide for the safekeeping, care, and subsistence of all persons charged with or convicted of offenses against the United States, or held as witnesses or otherwise; [and]

Plaintiff asserts it is no surprise the Government did not discuss the applicability of section 4042, because doing so would be an admission that he has a valid claim against the United States for the wrongful act of one of its employees. Plaintiff also asserts the government employee did not follow established procedures at the time he used Plaintiff to work on the roof at the prison.

Defendant states Plaintiff's injuries were work-related, and, accordingly, Plaintiff may not pursue his claims under the FTCA. Instead, Defendant asserts, Plaintiff's exclusive remedy for his injuries lies with the Inmate Accident Compensation system.

Plaintiff contends he did not sustain his injuries while working for the Federal Prison Industries (Unicor) because he never worked for the Federal Prison Industries. Plaintiff submits his claims are clearly cognizable under the FTCA and 18 U.S.C. § 4042.

Congress created a scheme to compensate inmates for injuries sustained in the course of their penal employment-- the Inmate Accident Compensation Act. Cooleen v. Lamanna, 2007 WL 2687319, *4 (3d Cir. Sept. 14, 2007). By statute, the Federal Prison Industries Fund pays "compensation to inmates or their dependents for injuries suffered in any industry or in any work activity in connection with the maintenance or operation of the institution in which the inmates are confined." 18 U.S.C. § 4126(c)(4); see also 28 C.F.R. § 301.301 (regulating such claims). Federal prisoners seeking compensation for injuries sustained during penal employment are limited to the remedy

---

(3) provide for the protection, instruction, and discipline of all persons charged with or convicted of offenses against the United States[.]

Plaintiff's claims do not appear to fall within the purview of this statute, as this statute provides the general responsibilities for the Bureau of Prisons.

provided by section 4126, as there "is no indication of any congressional purpose to make . . . 18 U.S.C. § 4126 non-exclusive." United States v. Demko, 385 U.S. 149, 152, 87 S. Ct. 382, 384, 17 L. Ed. 2d 258 (1966). This principle has been uniformly applied. See Pickens v. Federal Bureau of Prisons, 113 F.3d 1246 (10th Cir. 1997) (Table) (noting the magistrate judge properly found the IAC is an exclusive remedy); Vaccaro v. Dobre, 81 F.3d 854, 857 (9th Cir. 1996) (recognizing that 18 U.S.C. § 4126(c)(4) is a prisoner's exclusive remedy against the government for work-related injuries); Wooten v. United States, 825 F.2d 1039, 1044 (6th Cir. 1987) (explaining that section 4126 is the exclusive remedy for a federal prisoner injured in the performance of an assigned task while in a federal penitentiary and thus bars a prisoner's FTCA claim); Aston v. United States, 625 F.2d 1210, 1211 (5th Cir., Unit B 1980) (finding Demko made it clear that section 4126 is the sole remedy against the government where an inmate's injury is work-related and that the cause of the injury is irrelevant so long as the injury occurred while the inmate was on the job).

Plaintiff completed a "Standard Form 95", dated November 5, 2005, in which he sought twenty million dollars in damages due to injuries he received while he was a member of FCI Jesup's Chief of Mecahnical Services ("CMS") Department and performing a job detail on the roof of the Unicor Factory at FCI Jesup on August 26, 2004.[2] (Def.'s Ex. 2). In addition, the Inmate Injury Report indicates Plaintiff was on the roof of the Unicor factory when he sustained injuries and that his injuries were work-related; Plaintiff signed this Report, indicating his agreement that his injuries were work-related. (Def.'s Ex. 9). Further, the Injury Lost Time Follow-up Report states the

---

[2] There is some discrepancy in the documentation Defendant has provided as to whether Plaintiff was injured on August 26, 2004, or on August 26, 2005. This discrepancy is not important to the Court's discussion of the issues before it.

Institution Safety Committee's opinion that Plaintiff's August 26, 2004, injury was work-related. (Def.'s Ex. 8). Finally, in the Southeast Regional Office's response to Plaintiff's Administrative Claim Number TRT-SER-2006-00588, Plaintiff was informed that his injuries were work-related and that the IAC procedures were his sole means of recovery for his injuries. (Def.'s Ex. 12).

The evidence before the Court reveals there are no genuine issues of material fact which would require deliberation by the trier of fact. Plaintiff's injuries stemmed from a work-related accident, and, as such, the IAC procedures provide his exclusive remedy. This system provides time parameters for filing a claim for compensation for a work-related injury: The pertinent Regulation provides: "No more than 45 days prior to the date of an inmate's release, but no less than 15 days prior to this date, each inmate who feels that a residual physical impairment exists as a result of an industrial, institution, or other work-related injury shall submit a FPI Form 43, Inmate Claim for Compensation on Account of Work Injury." 28 C.F.R. § 301.303. Plaintiff has been released from federal custody, and there is no evidence before the Court that he filed a claim for compensation pursuant to the IAC procedures. Thus, it does not appear Plaintiff exhausted his available remedies in order to pursue his claims against the Government.

To the extent Plaintiff argues that his claims are based on the negligence of a prison official, numerous courts have recognized that such a claim is still clearly barred by Demko.[3] See, e.g., Cooleen, 2007 WL 2687319 at *5 (collecting cases); Vander v.

---

[3] The Court recognizes Plaintiff's reliance on United States v. Muniz, 374 U.S. 150, 83 S. Ct. 1850, 10 L. Ed. 2d 805 (1963), to support his position that he can recover compensation under the FTCA. However, in Demko, the Supreme Court made it clear that Muniz, which allowed recovery under the FTCA, does not

AO 72A
(Rev. 8/82)

7

Dep't of Justice, 268 F.3d 661, 664 (9th Cir. 2001) (finding that an inmate is barred from litigating claims under the FTCA that his original injury, which was work-related, was aggravated by the negligence of a hospital worker); Wooten, 825 F.2d at 1044 (noting that section 4126 is also the exclusive remedy when a work-related injury is subsequently aggravated by negligence and malpractice on the part of prison officials).

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendant's Motion for Summary Judgment be **GRANTED** and that Plaintiff's Complaint be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 14th day of January, 2008.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

---

apply to those situations involving inmates who are covered by the IAC. Demko, 385 U.S. at 153, 87 S. Ct. at 385.